Filed 4/5/16  P. v. Woodard CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID WOODARD,<br><br>    Defendant and Appellant. | D068243<br><br><br>(Super. Ct. No. SCN294090) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Junichi P. Semitsu, Deputy Attorneys General, for Plaintiff and Respondent.

In September 2011, David Woodard pleaded guilty to second degree burglary, a felony under Penal Code[1] section 459.  Pursuant to the plea agreement, the prosecution dismissed the balance of the complaint and discharged two alleged strike priors.  The trial court sentenced Woodard to 180 days in local custody and a three-year probation term.  Thereafter, Woodard filed a petition under Proposition 47 (§ 1170.18), seeking to reduce his burglary conviction to the crime of shoplifting (§ 459.5), and set the matter for resentencing.  The trial court denied the petition.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On November 17, 2014, Woodard filed a petition under Proposition 47 to recall his sentence to reduce his felony burglary conviction to misdemeanor shoplifting and to set the matter for resentencing.  As we will discuss, Proposition 47 allows a defendant convicted of certain commercial burglaries to reduce a felony burglary to a misdemeanor if the burglary involves shoplifting.  Shoplifting is defined as larceny of property worth less than $950 from a commercial establishment open for business.  (§§ 459.5, subd. (a); 1170.18, subd. (a).)  In his petition, Woodard relied solely on the record of his conviction for the felony burglary, which consisted of Woodard's change of plea form.  The form stated only that Woodard "entered [a] commercial building w[ith] the intent to commit[] theft."  He produced no other evidence regarding the facts of the underlying crime.

The prosecution opposed the petition, arguing Woodard failed to establish that he was eligible for resentencing under Proposition 47.  The prosecution argued that

_____

1    All further statutory references are to the Penal Code unless otherwise specified.

2

Proposition 47 eligibility determinations are not restricted to the record of conviction and thus the trial court should be able to look beyond the change of plea form. The prosecution asserted that the probation report and a statement made by E-World's owner conclusively showed Woodard entered E-World when the business was closed, thus disqualifying him from resentencing eligibility.

The probation report stated that on a Saturday afternoon in July 2011, Woodard broke into the property of E-World Online and was found by police in an outside area of the business that was surrounded by a 10-foot barbed wire fence. According to the report, Woodard admitted to entering the business with the intent of taking computer cords. Subsequently, the owner of E-World confirmed that the business was closed on that Saturday.

The prosecution further argued that even if the trial court were limited to the record of conviction, Woodard's reliance on the plea form alone was inadequate to meet his burden of proof because the form did not affirmatively establish all of the required elements of shoplifting.

The trial court denied the petition on burden of proof grounds stating explicitly it was not relying on any evidence beyond the plea form. It reasoned that Woodard had the burden of proof and neither his petition nor the record of conviction showed that the business was open during regular hours, or that the value of the items he intended to take was $950 or less as required for misdemeanor shoplifting.

3

Woodard contends the trial court improperly placed the burden to prove eligibility for Proposition 47 resentencing on him. He also asserts that trial courts are limited to the record of conviction in making resentencing eligibility determinations and if the record is silent, as here, the court must presume the least offense punishable. Thus, Woodard argues, the trial court should have presumed his prior conviction qualified as misdemeanor shoplifting and granted the petition for resentencing. We disagree.

I

On November 4, 2014, California voters enacted the Safe Neighborhoods and Schools Act (Proposition 47, or the Act), which became effective the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) The Act reclassified certain theft- and drug-related crimes from felonies to misdemeanors unless they were committed by ineligible defendants. (*Id.* at p. 1091.) It also established a procedure for qualifying defendants to petition for recall and resentencing of their prior convictions. (§ 1170.18, subd. (a).) If a person satisfies the statutory criteria, he is eligible to have his sentence recalled and to be resentenced as a misdemeanant, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b); *T. W. v. Superior Court* (2015) 236 Cal.App.4th 646, 649, fn. 2; *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.)

Relevant here, the Act added section 459.5, which defines the new crime of "shoplifting" and requires it to be punished as a misdemeanor. (§ 459.5, subd. (a); *People v. Contreras* (2015) 237 Cal.App.4th 868, 890.) Section 459.5 states:

"Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950).  Any other entry into a commercial establishment with the intent to commit larceny is burglary. . . . "  (§ 459.5, subd. (a).)

Woodard's appeal raises issues of statutory construction, which we review de novo.  (See *People ex. rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.)

II

We reject Woodard's basic premise that the burden of proof remains with the prosecution in the context of Proposition 47 resentencing petitions.  In *People v. Sherow* (2015) 239 Cal.App.4th 875, this court addressed the appropriate allocation of burdens for such petitions:  "As an ordinary proposition: ' "[A] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting." ' "  (*Id*. at p. 879; *Vance v. Bizek* (2014) 228 Cal.App.4th 1155, 1163, fn. 3; Evid. Code, § 500.)  We noted the petition may contain at least the petitioner's testimony about the nature of the items taken and if the petitioner "made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination."  (*Sherow*, at p. 880.)  Where a petition is "devoid of any information about the offenses" for which a petitioner seeks resentencing, the trial court may properly deny the petition for failure to satisfy the burden of proof.  (See *id.* at p. 878; *People v. Rivas-Colon* (2014) 241 Cal.App.4th 444, 449-450.)

Here, Woodard's petition lacked any information showing the burglary offense fell within the definition of shoplifting as set forth in section 459.5. In his petition, Woodard relied solely on the record of conviction, which included only the one-sentence statement in the change of plea form. The form stated only that he entered a commercial building with the intent to commit theft. It failed to address whether the crime occurred during regular business hours or whether the value of the items taken was less than $950. Because the record of conviction failed to establish these facts and because Woodard failed even to allege them, the trial court did not err in denying Woodard's petition.

As an extension of his burden argument, Woodard asserts that trial courts are restricted to the record of conviction and where it is silent the court must presume the petitioner would have been convicted of the lesser offense of shoplifting. Woodard's argument, however, depends on the initial premise that the prosecution, rather than the petitioner, has the burden of proof—a conclusion we reject. Because we conclude that Woodard, as petitioner, had the burden of proof and failed to meet it, Woodard's argument concerning the scope of admissible evidence in Proposition 47 resentencing petitions is moot.

DISPOSITION

The order is affirmed.

PRAGER, J.[*]

WE CONCUR:

McCONNELL, P. J.

AARON, J.

---

[*]    Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.